Per Curiam.

We are all in accord that for reasons which will appear shortly the judgment in this action cannot be allowed to remain in its original form. We are also in accord that the steps taken upon the trial and the- various appeals render it very difficult to arrive at a solution- that does justice and is in accordance with procedural regulations. It is not surprising that under these circumstances agreement should be less than complete.
*1076 The action, as begun, was a suit by a baker against a merchant who sold him supplies. Among these were instruments called grids, used in the frying of doughnuts. Plaintiff claimed there was a metal plating on the grids which came off in the frying and contaminated the doughnuts. The supplier counterclaimed for the price of the grids and joined, as a third-party defendant, the manufacturer who sold the grids to him. This defendant, in turn, joined as fourth-party defendant the concern which put the electroplating on the grids.
The court found in favor of the plaintiff against the original defendant. Without expressing any opinion on the ultimate correctness of this determination, there are certain factors that should be called to mind. The court announced a rule of damage that would be adhered to and in our opinion that rule was the right one. But the damage as found exceeded by $3 the maximum that could have been awarded according to the proof. While the difference is not, in itself, significant, it does indicate that some other measure, beside the one announced, was employed. Moreover, it seems hardly likely that the maximum should have been awarded. Not only did plaintiff testify to substantially lesser figures in his examination before trial; he claimed to have books showing the actual figures, which books, though insistently requested, were never produced. Further, plaintiff admitted that the grids in question were not used in the production of all the doughnuts that he was making claim for. It is true that the entire presentation of plaintiff’s case, both on direct and cross-examination, was made more difficult by the persistent efforts of plaintiff’s attorney to make up for the deficiencies in the testimony of his witnesses. Under the circumstances the plaintiff’s verdict, were it not for other factors, would be unquestionably vacated. These factors will be discussed below.
The court then found in favor of the defendant retailer against the third-party defendant, the manufacturer. Granting the validity of the plaintiff’s verdict, this finding would be unexceptionable. But the court also found in favor of the retailer against the manufacturer on the retailer’s counterclaim, which was pleaded against the plaintiff alone and was no part of the third-party complaint. Conceivably, this could have been asserted against the third-party defendant, but it never was.
Lastly, on the claim of the- manufacturer against the electroplater, the court found for the latter. As the vice, if any, in the grids was the fault of this defendant, it is difficult to justify this conclusion. It is true that the only technical evidence to dispute the plaintiff’s claim came from this defendant, who produced a chemist who testified that the damage could not *1077 have resulted from the plating. If the court credited this testimony, and it would appear that he did, it should enure to the benefit of all defendants and defeat the plaintiff’s claim.
As a result, the one who would have to pay the judgment is the third-party defendant, the manufacturer. And as might be expected, he is the only one who has appealed. The question is, does his appeal extend to the plaintiff’s judgment against the defendant where the defendant has not appealed. That he may so appeal is clear. “For the purpose of contesting plaintiff’s claim against the third-party plaintiff, the third-party defendant shall have the rights of a party adverse to the plaintiff, including the right to appeal ” (Civ. Prac. Act, § 193-a, subd. 2).
As the third party had the right of appeal, the next question is whether he did. He served a purported notice of appeal on all parties and they all appeared and participated in the appeal. The significant portion of the notice of appeal reads: ‘1 From the judgment entered and filed herein * * * to the extent that it renders judgments against said Third Party Plaintiff and Fourth Party Defendant and to each and every part of said judgment which affects the said Third Party Plaintiff and Fourth Party Defendant ”.
There can be little doubt but that this notice is inartistic to a degree that would warrant action in regard to it. It confuses the third-party defendant (the appellant) with the third-party plaintiff and styles the fourth-party plaintiff (likewise appellant) as the third-party plaintiff. Its sole merit is that it purports to appeal from every part of the judgment affecting someone. While that someone is misdescribed, all parties understood it to be the appellant and none raised the point.
Under the peculiar facts, a holding that the notice of appeal was sufficient is deemed to be warranted. Being sufficient, a new trial is clearly indicated. Mistakes that are condoned have a tendency to become precedents for inadequate presentation and slipshod practice. We have no intention to create such a precedent here.
The judgment and order should be reversed and a new trial ordered, with $30 costs to appellant to abide the event.
Hofstadter, J., dissents in the following memorandum: I do not agree with the expressed view that the judgment cannot stand in its present form. On the contrary, I believe the present judgment effects substantial justice.
Steuer and Tilzer, JJ., concur in Per Curiam opinion.
Judgment and order reversed, etc.